ALEXANDER E. POTENTE (SBN 208240)
alex.potente@clydeco.us
GARY A. BARRERA (SBN 244073)
gary.barrera@clydeco.us
**CLYDE & CO US LLP**
150 California Street, 15th Floor
San Francisco, California 94111
T: (415) 365-9800 F:(415) 365-9801

TAMIKO A. DUNHAM (SBN 233455)
tdunham@nicolaidesllp.com
RANDALL P. BERDAN (SBN 199623)
rberdan@nicolaidesllp.com
**NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP**
101 Montgomery Street, Suite 2300
San Francisco, CA 94104
T: (415) 745-3770 F: (415) 745-3771

Attorneys for Defendant
AMERICAN ALTERNATIVE INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA HORN, an individual; ROSEMARY ADAMS, an individual; and RICARDO ARIAS, an individual; THE ESTATE OF ROSARIO ARIAS, by and through its successor in interest, Yolanda Horn,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ALTERNATIVE INSURANCE CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive.,<br><br>Defendants. | Case No. 5:25-cv-00417-JWH-(SPx)<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER** |

The Court has reviewed the Stipulation and [Proposed] Protective Order ("Stipulation") submitted jointly by plaintiffs YOLANDA HORN, ROSEMARY ADAMS, RICARDO ARIAS, and THE ESTATE OF ROSARIO ARIAS (collectively "Plaintiffs") and defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION ("American Alternative") (individually, each a "Party" and collectively, the "Parties") and, for good cause, the Court approves the Stipulation and enters the following Protective Order:

## PROTECTIVE ORDER

### 1. PURPOSES, LIMITATIONS, AND GOOD CAUSE

**A. Purposes and Limitations**

Disclosure and discovery activity in this action, and mediation and settlement activity in this action, are likely to involve production and exchange of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or settling this litigation may be warranted. Accordingly, plaintiffs YOLANDA HORN, ROSEMARY ADAMS, RICARDO ARIAS, and THE ESTATE OF ROSARIO ARIAS (collectively "Plaintiffs") and defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION ("American Alternative") (hereinafter collectively "Parties" or individually, "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B. Good Cause Statement**

This action is likely to involve non-public commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or settlement of this action is

warranted. Such confidential and proprietary materials and information consist of, among other things: nonpublic and/or proprietary information regarding the handling and adjustment of insurance claims by Sedgwick Claims Management Services Inc. on behalf of American Alternative; and other information that is confidential to the Parties.

Accordingly, to expedite the flow of information, to facilitate the prompt and efficient resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for mediation and trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case or otherwise publicly disclosed.

### C. Acknowledgement of Procedure for Filing Under Seal

The Parties further acknowledge as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79.5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 <u>Action</u>: this pending lawsuit, captioned as *Yolanda Horn, et al. v. American Alternative Insurance Corp., et al.*, Central District of California Case No. 5:25-cv-00417-JWH-SPx.

/ /

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Counsel of Record for each Party, as well as their support staff.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in responses to discovery in this matter, including materials disclosed in connection with mediation.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, including all of their officers, directors, and employees, as well as the Non-Party's agents, consultants, retained and non-retained experts, and attorneys who are not employees of the Non-Party but represent or advise a Non-Party or are affiliated with a law firm that represents or advises a Non-Party, presently or formerly.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 <u>Party</u>: any Party to this action (as defined above), including all of its officers, directors, employees, agents, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," including Confidential Health Information.

2.14 <u>Receiving Party</u>: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims, counterclaims, cross-claims, and defenses in this action, with or without prejudice; and (2) final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. For documents produced electronically in native format, the Producing Party may designate the documents by including "CONFIDENTIAL" in the file name, marking the media on which the documents are produced as

"CONFIDENTIAL," or through other reasonable means identifying the documents as "CONFIDENTIAL."

A Party or Non-Party that makes original documents (including electronic documents) or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or material it would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents or materials, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party either (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or (ii) within 20 days of receiving the transcript, identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Designating Party.

(c) <u>For information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3 <u>Court Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a joint stipulation in compliance with Local

Rule 37-2 that identifies the challenged material and sets forth in detail the basis for the challenge. Each joint stipulation must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. The Parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation. Designating Party shall bear the burden of establishing that the designation is justified. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to monetary or evidentiary sanctions.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, mediating, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is reasonably calculated to ensure that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

/ /

(a) the Receiving Party's Counsel of Record in this action and their support staff, as well as any other employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this action, including mediation or settlement thereof;

(b) the current and former officers, directors, employees, attorneys and agents of the Receiving Party to whom disclosure is reasonably necessary for this litigation, or in connection with mediation or discussions that involve possible settlement of this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, or in connection with mediation or discussions that involve possible settlement of this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(f) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and any attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document (including electronic documents) containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) the current and former insurers of the Receiving Party to whom disclosure is reasonably necessary for this Action, or in connection with mediation or discussions that involve possible settlement of this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party or Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) is served with a subpoena or a court order issued in other matters, litigation or actions that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party or Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other matters, litigation or actions that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party or Receiving

Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party or Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections from the Court.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

 (1) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

 (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

 (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order either (i) pursuant to the terms of its agreement with the Receiving Party or (ii) from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by a court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person, including the Parties, to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except as required for purposes of reinsurance, indemnification, or other recoupment efforts. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO ORDERED**

Dated: October 22, 2025

_____

Hon. Sheri Pym

United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[print full name]**, of _____ **[print full address]**, employed by _____ **[print name and address of employer]**, have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Yolanda Horn, et al. v. American Alternative Insurance Corp., et al.*, Central District of California Case No. 5:25-cv-00417-JWH-SPx.

I sign this the Acknowledgment and Agreement To Be Bound on behalf of myself and on behalf of my employer named above.

I and my employer agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and understand and acknowledge that failure to so comply could expose myself and my employer to monetary sanctions and punishment in the nature of contempt. I and my employer solemnly promise that we will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I and my employer further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I and my employer hereby appoint_____ _____ **[print full name]** located at_____ _____ **[print full address and telephone number]** as our California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Title or Position at Employer: _____

Signature: _____